UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MONA G. OYEBOLA,

                *Plaintiff*,

     -against-

UNITED STATES of AMERICA,

                *Defendant*.
-------------------------------------------------------------------x

MEMORANDUM AND ORDER
10-MC-425 (JG)

JOHN GLEESON, United States District Judge:

        Mona G. Oyebola filed a motion on June 29, 2010 seeking to expunge or seal her criminal record. For the reasons stated below, her motion is denied.

## BACKGROUND

        On September 18, 2003, Oyebola pled guilty to one count of knowingly and intentionally stealing and converting for her own use money and things of value of the United States. *See* 18 U.S.C. § 641. On November 13, 2003, I sentenced Oyebola to three years of probation. Oyebola now brings a motion to expunge or seal her criminal record because she "yearn[s] to obtain a new job however, because of [her] criminal record, it is very hard to find one." Oyebola Aff. at 1.

## DISCUSSION

        "[E]xpungement lies within the equitable discretion of the court, and the relief is granted only in 'extreme circumstances.'" *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977)(quoting *United States v. Rosen,* 343 F. Supp. 804, 807 (S.D.N.Y. 1972)). "Any particular request for expungement must be examined individually on its merits to determine the proper balance of the equities." *Id.* at 539-40. Records have been expunged where: (1) the large number of arrests made the determination of probable cause impossible; (2) the arrest was

effectuated only to harass civil rights workers; (3) the police misused the records resulting in prejudice to the defendant; and (4) the statute underlying the arrest was later declared unconstitutional. *United States v. Feret*, 05-MJ-75, 2007 WL 2262867, at *1 (E.D.N.Y. Aug. 3, 2007).

Here, Oyebola has not disputed the legality of her conviction. She does not allege that the police acted improperly or without probable cause. Rather, Oyebola states that she cannot find new employment because of her criminal record. "While the Court is sympathetic to those difficulties, particularly their effect on plaintiff's ability to provide her family with needed financial support, it is also mindful that the law does not permit expungement based on such circumstances." *United States v. James*, 97-CR-715, 2003 WL 21056989, at *2 (E.D.N.Y. Feb. 13, 2003)(Glasser, J.); *see also United States v. Gaskin*, 99-CR-158, 2010 WL 1221589, at *2 (E.D.N.Y. March 25, 2010); *United States v. Grant*, 94-CR-18, 2008 WL 2039309, at *2-3 (E.D.N.Y. May 9, 2008); *United States v. Gonzalez,* 04-CR-191A, 2010 WL 1491852, at *1-2 (W.D.N.Y. Apr. 12, 2010). Finding no ground upon which expungement can be ordered, Oyebola's motion is denied.

## CONCLUSION

For all of the foregoing reasons, Oyebola's motion is denied.

So Ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
July 20, 2010